**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **CLARENCE RUTLAND,** ) | |
| ) | |
| **Plaintiff,** ) | **No. 3:11-mc-00003** |
| ) | **Judge Trauger** |
| **v.** ) | |
| ) | |
| **UNITED STATES ATTORNEY GENERAL** ) | |
| **FOR THE STATE OF ALABAMA,** ) | |
| ) | |
| **Defendants.** ) | |

**O R D E R**

The plaintiff, an inmate at the Federal Correctional Institution in Memphis, Tennessee, has filed *pro se* a Motion for Injunctive Relief. (Docket No. 1). In response to the court's deficiency order entered on January 18, 2011 (Docket No. 2), the plaintiff has submitted an application to proceed *in forma pauperis.* (Docket No. 5).[1]

The plaintiff's application to proceed *in forma pauperis* is defective because he has not provided a certified copy of his inmate trust fund account statement for the six (6) month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2). In a recent filing to the court, the plaintiff states that "and [sic] extended extension of time may be needed" because "there seems to be and ongoing conspiracy designed by fellow conspirators . . . ." (Docket No. 4).

The plaintiff's request for an extension of time within which to submit a properly completed application to proceed in forma pauperis is hereby **GRANTED**. Accordingly, the plaintiff shall

---

[1] The application to proceed as a pauper was filed as an attachment to a document entitled "Admissions" submitted by the plaintiff on January 24, 2011, and docketed as "Complaint" by the Clerk's Office. (Docket No. 5).

submit to the court within thirty (30) days of the date of service of this order either a certified copy of his inmate trust fund account statement for the six (6) month period immediately preceding the date that he receives this order, or the full three hundred fifty dollar ($350.00) filing fee.

The plaintiff is forewarned that, if he does not comply with this order within the time specified, the court is required to presume that he is not a pauper, assess the full amount of filing fee, and order the case dismissed for want of prosecution. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If the case is dismissed under these circumstances, it will not be reinstated to the Court's active docket despite any subsequent correction of the documentary deficiency, or payment of the filing fee. *Id.*

No other extensions of time will be granted.

It is so **ORDERED.**

_____
Aleta A. Trauger
United States District Judge